WESTERN DISTRICT OF LOUISIANA

LAFAYETTE – OPELOUSAS DIVISION

| | |
|---|---|
| **ALLEN RAY BELLARD** | CIVIL ACTION NUMBER: |
| **VERSUS** | SECTION: L-O |
| **NOBLE DRILLING (U.S.) LLC AND LLOG EXPLORATION COMPANY, L.L.C.** | JUDGE: |
| | JURY TRIAL REQUESTED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES UNDER GENERAL MARITIME LAW AND THE LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT, 33 U.S.C. SECTION 905 (b).

COMES NOW, Plaintiff, ALLEN RAY BELLARD ("Bellard"), complaining of NOBLE DRILLING(U.S.), LLC ("Noble") and LLOG EXPLORATION COMPANY, L.L.C.("LLOG"), sometimes hereinafter collectively referred to as "Defendants" and for cause of action, Bellard would respectfully show and represent unto this Honorable Court, as follows:

### JURISDICTION

1.

That, the jurisdiction of this Honorable Court is invoked under Title 28 U.S.C. §1331 and the amount in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and this cause of action arises under General Maritime Law and the terms and provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Section 905 (b).

### PLAINTIFF

2.

Plaintiff, Allen Ray Bellard, age 41, is now, and was at all times relevant herein, a citizen of the United States and resident of the State of Louisiana, domiciled in Ville Platte,

Evangeline Parish, Louisiana.

## DEFENDANTS

3.

Noble is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Houston, Texas, but it is licensed to do and doing business in this State and conducts business in the Western District of Louisiana and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana 70808.

4.

LLOG is a Louisiana corporation, organized and existing by virtue of the laws of this State, having its principal place of business in Covington, Louisiana, and it is licensed to do and doing business in this State and conducts business in the Western District of Louisiana and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, Kemberlia K. Ducote, 1001 Ochsner Blvd., Suite 200, Covington, Louisiana 70433.

## FACTS

5.

That, at all times relevant herein, and on October 22 ,2013 Noble was the owner and operator of a certain submersible drilling rig known as the "Amos Runner", located in the Gulf of Mexico, off the Louisiana coast, commonly referred to as block Mississippi Canyon 503.

6.

That, at all times relevant herein, and on October 22, 2012 Franks Casing Crew &

Rental Tools, LLC ("Franks")  had  entered  into  a contract with LLOG to provide certain casing and/or other work on Noble's submersible drilling rig known as the "Amos Runner".

7.

That, at all times relevant herein, and on October 22, 2012 Noble had entered into a contract with LLOG to provide personnel, equipment ,materials and the submersible drilling rig known as the "Amos Runner" to drill and complete a production well at  block Mississippi Canyon 503 located in the Gulf of Mexico, off the Louisiana coast.

8.

That, at all times relevant herein and on October 22, 2012, Bellard was employed, as a casing supervisor by Frank's; Bellard earned wages in excess of $100,000\year, plus fringe benefits bids and offshore meals.

9.

That, on October 22 2012, Bellard and a co-employee were working on Noble's submersible drilling rig known as the "Amos Runner"; in particular, Bellard and a co-employee were required to rig up equipment known as the oil country spider and control panel in preparation to run the 5 ½ inch inner drill pipe string; at the same time, a Noble  assistant driller or other employee of Noble moved the submersible drilling rig's pipe racking arm toward the drill pipe area where Bellard was working and struck a air hoist cable  tied off to a handrail causing  a piece of the handrail to break apart; at the same time a piece of the damaged handrail and the air hoist cable  struck and severely injured Bellard; Noble was charged with the obligation to hold the pipe racking arm in place, while Bellard and his co-employee were making preparations to run the 5 ½ inch inner drill pipe string.

10.

That, at all times relevant herein and on October 22, 2012, in the seconds before Bellard was injured, Noble, or LLOG, or both, failed to maintain the pipe racking arm in a static position and the pipe racking arm struck the air hoist cable tied to a handrail causing the air hoist cable and a part of the handrail to break apart and violently strike Bellard in the head, neck, chest, left arm and body.

11.

That, at all times relevant herein the injuries and damage suffered by Bellard were caused by reason of the legal fault, negligence, carelessness and omission of duty on the part of these Defendants, without any legal fault, negligence, carelessness or omission of duty on the part of Bellard causing, or in any way contributing thereto.

12.

That, at all times relevant herein the legal fault, negligence, carelessness and omission of duty on the part of the Defendants consisted of the following non-exclusive acts and omissions, as follows:

a. In failing to warn Bellard concerning conditions in the workplace which caused it to be unfit, unsafe and unsuitable;

b. In failing to take precautions to prevent, or for that matter, in failing to take any precautions concerning the unfit, unsafe and unsuitable workplace conditions designed specifically to prevent an accident, injuries and damage as suffered by Bellard;

c. In failing to provide Bellard with a safe place in which to work and in striking Bellard with the air hoist cable and handrail;

    d. In failing maintain the pipe racking arm, in a static position, while Bellard and his co-employee prepared to equipment to run the 5 ½ inch inner drill pipe string;

    e. In failing to properly train its personnel as to the proper manner and method by which to connect the pipe racking arm to drill pipe;

    f. In failing to untie the air hoist line before moving the pipe racking arm to prevent this accident from occurring;

    g. In failing to have a job safety analysis and/or safety meeting to discuss the procedures to be conducted on the drill for and how to safely accomplish the task without an accident;

    h. In failing to eliminate dangerous conditions that existed at the onset of the operations; and

    i. Any and all other acts of legal fault, negligence, carelessness and omission of duty as established during discovery.

13.

That, in addition and/or in the alternative, to each and every allegation of legal fault, negligence, carelessness and omission of duty on the part of these Defendants made hereinabove, Bellard pleads and is entitled to rely upon the doctrine of res ipsa loquitur, since the incident made the basis of this litigation is of the kind which does not normally occur in the absence of the legal fault of one such as these Defendants and was caused by an agency and/or Defendants and it was not due to any voluntary act or actions on the part of Bellard.

14.

That, by reason of the legal fault, negligence, carelessness and omission of duty on the part of these Defendants, Bellard sustained great bodily injuries; he became and still remains sick and disabled; that, he suffered injury to his head, face, neck, both shoulders, right pelvis, right hip, back, body, cervical sprain/strain, lumbar sprain/strain, bulging disc at L3-4, L4-5, and L5-S1 and herniated disc L3-4, L4-5, L5-S1 and spondolysis and disc complex at L5-S1; that he has been caused to suffer a severe, painful and lasting injury with resultant constant pain and distress; that he has been incapacitated from his work and so prevented from pursuing his ordinary occupation and still and will continue to be incapacitated for some time to come; that his ability to perform work has been, and will be, as a result of said injuries greatly lessened, diminished and affected; that his ability to engage in recreational activities has also been affected as a result of said injuries; that Bellard is informed and believes that the injuries which he suffered as a result of the legal fault, negligence, carelessness and omission of duty on the part of these Defendants are permanent and create a condition which seriously and permanently affects his general health and will cause disability and seriously interfere with his enjoyment of life; that he has required and will require in the future medical treatment as a result of said injuries and may require further operative treatment; that Bellard is informed and believes that he has been otherwise permanently injured and that he has become and remains permanently disabled.

15.

That, as a consequence of the foregoing, Bellard has suffered, is suffering and will continue to suffer damages including, without limitation, past and future physical and mental

pain and suffering, past disability and permanent future disability, loss of wages, loss of earning capacity, loss of fringe benefits, loss of enjoyment of life and past and future medical expenses in the amount of FOUR MILLION ($4,000,000.00) DOLLARS, as nearly as can be estimated.

16.

Bellard requests and is entitled to trial by jury.

WHEREFORE, Plaintiff Allen Ray Bellard prays that these Defendants NOBLE DRILLING(U.S.),LLC and LLOG EXPLORATION COMPANY ,L.L.C. be served with a copy of this, his, Complaint for Damages under General Maritime Law and terms and provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Section 905 (b) and that they be duly cited to appear and answer herein; that after the lapse of all legal delays and due proceedings had, that there be judgment herein, in favor of Plaintiff Allen Ray Bellard and against Defendants NOBLE DRILLING(U.S.),LLC and LLOG EXPLORATION COMPANY ,L.L.C., in the full and true sum of FOUR MILLION AND NO/100 ($4,000,000.00) DOLLARS, as nearly as the same can now be estimated, together with legal interest and for all costs of these proceedings and for trial by jury.

Respectfully Submitted:

LAW OFFICE OF GREGORY E. TONORE, L.L.C.

By: _____
GREGORY E. TONORE (Bar No. 12858)
100 Amaryllis Drive (70503)
P. O. Drawer 52603
Lafayette, Louisiana 70505-2603
(337) 235-5401 voice
(337) 235-5402 facsimile
gtonore@gregtonore.com
Attorney for Allen Ray Bellard